KOGAN, Justice,
concurring.
I concur for the same reasons stated in my separate opinion in Wyche v. State, 619 So.2d 231 (Fla.1993) (Kogan, J., concurring). I especially note that the ordinance at issue here is far more overbroad than the ordinance at issue in Wyche. This ordinance creates an unconstitutional “status” offense by criminalizing the fact that a person previously has abused drugs or previously has been convicted of a drug-related offense. See State v. Potts, 526 So.2d 63 (Fla.1988). The absurdity of this situation is disclosed by the fact that, once people achieve this “criminal” status, they can be repeatedly rearrested under this ordinance no matter how innocent their activities are.
Furthermore, the ordinance plainly states that people show the intent to commit a violation of the ordinance merely by having needle tracks on their bodies. Thus, diabetics who happen to live in or visit the City of Sanford could be subjected to repeated prosecutions merely because they are medically dependent on intravenous drug injections. If this ordinance were upheld, anyone dependent on bona fide injections of medicines literally could be arrested on the spot without any further evidence of criminal wrongdoing other than needle marks.
Likewise, anyone too poor to escape an impoverished neighborhood where a crack house happens to exist also is put in peril by this ordinance. Under the ordinance’s plain language, the mere fact of living in such a neighborhood — even if escape is economically impossible — would be elevated to the status of a crime. This is blatantly unconstitutional, because it tends to criminalize poverty.
As I stated in my separate opinion in Wyche, loitering and vagrancy laws were conceived and applied as instruments of oppression for most of their history. In this country, that oppression has been aimed primarily at minorities, the homeless, and the poor. I also find that this Court in recent years has judicially narrowed these same laws so severely that they now serve no purpose not already addressed by the Florida criminal code, specifically the law of attempts and solicitations. If persons engage in attempts to buy or sell contraband drugs, Florida’s criminal attempt statutes clearly are applicable to the conduct at issue here, and clearly are valid. There is absolutely no need for vague, overbroad ordinances like the one adopted by Sanford.